IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REPUBLIC OF THE MARSHALL ISLANDS, | |
| Plaintiff, | No. C 14-01885 JSW |
| v. | |
| THE UNITED STATES OF AMERICA, ET AL., | **NOTICE OF TENTATIVE RULING AND QUESTIONS** |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 16, 2015 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively GRANTS** Defendants' motion to dismiss.

The parties shall each have 20 minutes to address the following questions:

1. What specific injury does Plaintiff maintain it would suffer as a result of the alleged breach of the Treaty on the Non-Proliferation of Nuclear Weapons?

    If the injury is the speculative possibility of the future use of nuclear weapons, how is that injury unique to Plaintiff? *See Pauling v. McElroy*, 278 F.2d 252, 254 (D.C. Cir. 1960) (holding that plaintiffs lacked standing where they sought to enjoin nuclear testing because the alleged injury was shared with "all mankind" and "in common with people generally."); *see also Johnson v. Weinberger*, 851 F.2d 233, 235 (9th Cir. 1988).

    If the injury would result merely from an alleged breach of the Treaty to which Plaintiff is a signatory, what are Plaintiff's alleged damages caused by that breach? What is Plaintiff's claim for benefit of its bargain where there are other nations whose participation is essential?

2. On what basis does the Plaintiff contest that the Ninth Circuit's holding in *Earth Island Institute v. Christopher*, 6 F.3d 848, 653 (9th Cir. 1993), bars this court from exercising jurisdiction to direct the Executive to negotiate with foreign powers?

3. What enforcement mechanism do Defendants contend operates to ensure the signatories' compliance with the Treaty?

4. If the Court were to determine that venue is improper in this jurisdiction because the foreign policy decisions and obligations emanate from the Executive branch in Washington D.C., must the Court dismiss or transfer without deciding the motion to dismiss on the substantive legal bases submitted? *See* 28 U.S.C. § 1406(a) ("[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.")

5. Do the parties or amici have anything further they wish to address?

    **IT IS SO ORDERED.**

Dated:  January 14, 2015

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE